# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0096
Lower Tribunal No. F16-7074

_____

**Marvin Pace,**
Appellant,

vs.

**State of Florida, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Marvin Pace, in proper person.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General; Charles Thomas Martin, Jr., Assistant General Counsel (Tallahassee), for appellees.

Before LOGUE, LINDSEY, and MILLER, JJ.

PER CURIAM.

In the lower court, the Florida Department of Corrections filed a motion

to impose a civil restitution lien against Appellant pursuant to section

960.293(2)(b), Florida Statutes. On January 20, 2023, the trial court granted the motion and entered an order imposing a lien in the amount of $273,750.00. On June 27, 2023, the Appellant filed a motion to vacate the lien due to various legal infirmities including the fact that he never received a copy of the order. The trial court denied the motion and Appellant appealed.

On appeal, the Florida Department of Corrections acknowledged that the motions for such liens were civil in nature. See Fla. Dep't of Corr. v Holt, 373 So. 3d 969, 971 (Fla. 2d DCA 2023). It further acknowledged that, while the trial court lacked jurisdiction to hear the motion under Florida Rule of Civil Procedure 1.530, it had such jurisdiction under Florida Rule of Civil Procedure 1.540(b)(4). It also noted that the mail logs of the facility indicated the Appellant did not receive the order. The Florida Department of Corrections therefore indicated it "does not oppose Appellant's requested relief to vacate the order in light of the review of the mail logs."

In light of the Florida Department of Corrections' acknowledgements, the January 20, 2023 order is reversed. In doing so, we commend the candor and professionalism of Charles Thomas Martin, Jr., Esquire.

Reversed.